Hans Michel and Wilhelmina Michel and State Farm Insurance Co., Appellants *v.* City of Bethlehem, Appellee.

Argued June 6, 1984, before Judges ROGERS, CRAIG and BARBIERI, sitting as a panel of three.

*Charles J. Fonzone,* for appellants.

*Matthew R. Sorrentino,* for appellee.

OPINION BY JUDGE ROGERS, July 18, 1984:

Hans and Wilhelmina Michel and the State Farm Insurance Company have appealed from an order of the Court of Common Pleas of Northampton County granting the City of Bethlehem's motion for summary judgment against State Farm.

The facts are not in dispute. On February 15, 1979, a water pipe owned and maintained by the City of Bethlehem ruptured causing damages in the amount of $23,490 to a house owned by Hans and Wilhelmina Michel. State Farm, as insurers of the damaged premises, paid the Michels $20,440.00 in discharge of its obligation under the policy of insurance. The Michels and State Farm brought separate actions against the City of Bethlehem. The Michels sought

recovery of damages in the amount of $23,490.00. State Farm's action was based on its asserted right of subrogation and sought recovery of the $20,440 which it had paid to the Michels. The cases were consolidated and the City moved for summary judgment against both plaintiffs. The trial court entered a partial summary judgment against the Michels effectively reducing their claim to $3,050.00, the amount of their losses not already paid by State Farm. This action is not a subject of this appeal.

The trial court entered a summary judgment against State Farm's total claim holding that its suit was barred by Section 8553(d) of the Judicial Code, 42 Pa. C. S. §8553. State Farm has appealed from the judgment.

In *Ayala v. City of Philadelphia*, 453 Pa. 584, 305 A.2d 877 (1973), the Pennsylvania Supreme Court abrogated the doctrine of governmental immunity in Pennsylvania. In response, the Pennsylvania Legislature, pursuant to Article I, Section 11 of the Pennsylvania Constitution, enacted the Political Subdivisions Tort Claims Act.[1] This legislation reestablished the immunity of political subdivisions from suit, excepting however, claims of persons for injuries resulting from eight separately described causes. In the same Act, the Legislature placed limitation on the extent of the liability of political subdivisions to injured persons in cases falling within the eight exceptions. In this case we are concerned with the limitation made by Section 8553(d) of the Act which provides:

(d) Insurance Benefits—If a claimant receives or is entitled to receive benefits under a policy of insurance other than a life insur-

---

[1] Act of November 26, 1978, P.L. 1399, 53 P.S. §§5311.101-5311.803, presently 42 Pa. C. S. §§8541-8564.

ance policy as a result of losses for which damages are recoverable under subsection (c) the amount of such benefits shall be deducted from the amount of damages which would otherwise be recoverable by such claimant.

The parties agree that the Michels' claim falls within one of the eight exceptions to governmental immunity under the Tort Claims Act. As mentioned, the trial court decided that State Farm's claim was barred by Section 8553(d). State Farm contended below, and still contends that Section 8553(d) of the Act was intended by the Legislature only to prohibit double recovery by insured claimants and that it should not be read as a bar to its recovery as a subrogee of the Michels' claim against the city.

The trial court held, for three reasons with which we agree, that this argument fails.

First, as noted, the Act provides political subdivisions with immunity from suits except for those injuries resulting from the eight described causes. It makes no exception for suits brought by insurance carriers as subrogees of persons injured under circumstances falling within the exceptions. Hence, State Farm's suit is barred by the terms of the Act.

Second, the equitable doctrine of subrogation places the subrogee in the precise position of the one to whose rights and disabilities he is subrogated. *Fell v. Johnston,* 154 Pa. Superior Ct. 470, 36 A.2d 227 (1944). The Michels, being insured, have no claim against the City of Bethlehem for the damages covered by their insurance policy; hence, there is no claim to which State Farm can be subrogated.

Finally, under the clear language of Section 8553 (d) of the Act, the Michels cannot recover from the City of Bethlehem for the $20,440.00 damages covered by their insurance policy. Thus, recovery by State Farm of the $20,440.00 under the doctrine of subro-

gation would, in effect, accomplish indirectly that which Section 8553(d) forbids the Michels to do directly. Subrogation cannot be allowed where it is contrary to public policy or where it would accomplish by indirection that which a statute forbids to be done by direction. *In re: McGrath's Estate,* 159 Pa. Superior Ct. 78, 46 A.2d 735 (1946).

We add that Judge RICHARD D. GRIFO's opinion for the Court of Common Pleas of Northampton County in this case and Judge ARTHUR ED SAYLOR's opinion in *Aetna Casualty and Surety Company v. Borough of Hamburg,* 22 Pa. D. & C. 3d 454 (Berks Co. 1982), are not only to the same effect as our holding, they are also, at the very least, as enlightening as the foregoing.

Order affirmed.

### ORDER

AND Now, this 18th day of July, 1984, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is affirmed.