550 A.2d 854

Carmine Bentler, Administratrix of The Estate of Edward Bentler, Petitioner *v.* Workmen's Compensation Appeal Board (Scranton Professional Window Cleaning Company), Respondents.

Submitted on briefs May 18, 1988, to Judges DOYLE and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Thomas J. Ratchford, Jr.,* for petitioner.

*Cal A. Leventhal,* for respondent.

OPINION BY JUDGE MCGINLEY, November 25, 1988:

Carmine Bentler (Claimant), Administratrix of the Estate of Edward Bentler, appeals an order of the Workmen's Compensation Appeal Board (Board), which granted subrogation to Rockwood Insurance Co. (Insurer), pursuant to Section 319 of The Pennsylvania Workmen's Compensation Act (Act),[1] 77 P.S. §671. We affirm.

The facts are not in dispute. Claimant's husband (Deceased) was fatally injured in a work-related accident while in the employ of Scranton Professional Cleaning Co. (Employer). At the time of the accident, Claimant was engaged by Employer to clean windows at a school within the Scranton School District, with whom the Employer had contracted to provide services. Insurer was Employer's workmen's compensation insurance carrier. Claimant and Insurer entered into an agreement providing compensation to Claimant and the

---

[1] The Act of June 2, 1915, P.L. 736, *as amended.*

Deceased's children. Claimant also brought an Action for Wrongful Death against the school district. A settlement was reached in the wrongful death action almost two years after Claimant and the Insurer had entered into the workmen's compensation agreement. Pursuant to this settlement, the school district agreed to pay Claimant and the Deceased's children $175,000.00.

Insurer filed a Petition to Review the workmen's compensation agreement, wherein Insurer alleged that it was entitled to subrogation against Claimant's third-party settlement pursuant to Section 319 of the Act. The Referee granted Insurer subrogation for the full amount of the third-party settlement. Claimant appealed that decision to the Board, which modified the award, limiting the amount of the award to Claimant's share of the settlement, and disallowing subrogation with respect to the Deceased's children's share. Claimant appealed the Board's decision to this Court.

The sole issue before us is whether Insurer's right of subrogation pursuant to Section 319 of the Act is barred in this instance by application of Section 8553(d) of the Judicial Code, 42 Pa. C. S. §8553(d). This issue is a matter of first impression.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether any finding of fact was not supported by substantial evidence. *Bailey v. Workmen's Compensation Appeal Board (Lawton Feed & Supply, Inc.)*, 105 Pa. Commonwealth Ct. 106, 523 A.2d 415 (1987).

Section 319 of the Act provides for subrogation as follows:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representa-

tive, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; . . . .

Although Claimant concedes that subrogation is generally permitted in workmen's compensation cases, she contends that where the "third party" is a governmental defendant, the limitations on damages for cases brought under the exceptions to governmental immunity prohibit subrogation.

Claimant's action against the school district (the "third party" as referred to in Section 319) was brought under an exception to governmental immunity.[2] Section 8553 of the Judicial Code limits the damages which may be recovered from a local agency in a cause of action brought under an exception to governmental immunity. Subsection (d) limits the amount of damages which are recoverable when a claimant receives or is entitled to receive insurance proceeds, as follows:

> If a claimant receives, or is entitled to receive, benefits under a policy of insurance other than a life insurance policy as result of losses for which damages are recoverable under Section (c), the amount of such benefits shall be deducted from the amount of damages which would otherwise be recoverable by such claimant.

Although Section 8553(d) of the Judicial Code does prohibit subrogation of a claimant's rights vis-a-vis a gov-

---

[2] The provisions which are now found in Sections 8541-8564 of the Judicial Code, 42 Pa. C. S. §§8541-8564, providing for governmental and official immunity, are commonly, but incorrectly, referred to as the Political Subdivision Tort Claims Act. This subject matter is substantially a reenactment of the Act of November 26, 1978, P.L. 1399, *formerly* 53 P.S. §§5311.101-5311.803, which act was repealed by Section 333 of JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693, 42 P.S. §20043.

ernmental defendant, this provision has no application to the matter *sub judice*.

Section 8553(d) of the Judicial Code was first applied as a bar against subrogation in *Michel v. City of Bethlehem*, 84 Pa. Commonwealth Ct. 43, 478 A.2d 164 (1984). In that case a water pipe owned and operated by the city ruptured causing damages in the amount of $23,490.00 to a house owned by Michel and his wife. The Michels received insurance proceeds of $20,440-.00, and they received $3,050.00 (the amount of losses not covered by insurances) from the city. The Michels' insurer brought an action against the city seeking recovery of the $20,440.00 which it had paid under the insurance policy, basing the action on its asserted right of subrogation. The trial court held that the action was barred by Section 8553(d).

The insurer argued that Section 8553(d) of the Judicial Code was intended by the Legislature only to prohibit double recovery by insured claimants and that it should not be read as a bar to recovery by a subrogee. This Court rejected that contention and affirmed the trial court's decision, stating that:

> . . . the equitable doctrine of subrogation places the subrogee in the precise position of the one to whose rights and disabilities he is subrogated.
> . . . The Michels, being insured, have no claim against the City . . . for the damages covered by their insurance policy; hence, there is no claim to which [the insurer] can be subrogated. (Citation omitted.)

*Michel,* 84 at 46, 478 A.2d at 166.

In *Germantown Savings Bank v. City of Philadelphia*, 98 Pa. Commonwealth Ct. 508, 517, 512 A.2d 756, 761 (1986), *affirmed,* 517 Pa. 313, 535 A.2d 1052 (1988), in upholding Section 8553(d) of the Judicial Code against constitutional attack, we held that the pro-

vision was "rationally related to the legitimate government interest in clearly defining the extent to which a political subdivision is at financial risk." It is clear that Section 8553(d) operates as a limitation on damages which may be recovered *from a governmental defendant* by a party directly, or by that party's subrogee. The provision has no application in actions by a subrogee against the one to whose rights and disabilities he is subrogated, which is the situation here presented.[3] Consequently, we affirm the decision of the Board.

ORDER

Now, this 25th day of November, 1988, the order of the Workmen's Compensation Appeal Board, dated October 30, 1987, at No. A-92425, is hereby affirmed.

Judge MACPHAIL did not participate in the decision in this case.

---

[3] We do not reach the question of whether or not workmen's compensation benefits constitute "benefits under a policy of insurance" as referred to in Section 8553(d) of the Judicial Code.