## Boyertown Mutual Insurance Co. v. Skias

C.P. of Berks County, no. 1270-95 A.D.

*John W. Potkai* and *Michael T. Farrell,* for petitioner/appellant.

*Gordon M. Mair,* for respondent.

*Peter N. Munsing* and *David Allebach,* for defendants.

*Chris Skias* and *Shirley Skias,* pro se defendants.

ESHELMAN, *J.*, April 4, 1996—Petitioner, Celina Mutual Insurance Company, has appealed from our order entered February 2, 1996 which denied their petition to intervene. This opinion is in support of our order pursuant to Pa.R.A.P. §1925.

Celina Mutual Insurance Company, petitioner, herein, has filed a petition to intervene in the above declaratory judgment action commenced by Boyertown Mutual Insurance Company, respondent herein. Petitioner and respondent have entered into a stipulation of fact. That stipulation may be summarized in the following paragraph:

Franklin Caceres and his wife, Angelita Ortega Caceres, filed a personal injury action in the Court of Common Pleas of Berks County, indexed at no. 4506-92 A.D., naming as defendants, Chris Skias and Shirley Skias, husband and wife, Chris Skias Weld-Rite Shop and Crane Rentals, John A. Jones, Paula M. Jones, and Industrial Abrasives a/t/a English Abrasives. The gravamen of the Caceres lawsuit, as it relates to the Skias defendants, is that Franklin Caceres claims to have sustained personal injuries when he fell from a truck with a small crane attached to it, a "cherry picker," which truck was owned by Mr. Skias and was alleged to have certain defects. Petitioner is the workers' compensation insurance carrier for Industrial Abrasives a/t/a English Abrasives, for whom Franklin Caceres was employed at the time of the accident. Petitioner has a workers' compensation lien. Respondent claims to insure certain aspects of Chris Skias' business and has filed the above action under the Declaratory Judgments Act seeking a determination whether it owes a duty of coverage and representation to Chris and Shirley

Skias in the Caceres lawsuit. Petitioner has filed the petition in question seeking to intervene.

The right of a party to joinder in a declaratory judgment action is governed by the Declaratory Judgments Act and the case law interpretation thereof. The Act itself reads very broadly, as follows:

"(a) General rule. When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." Act of July 9, 1976, P.L. 586, no. 142, §2, 42 Pa.C.S. §7540(a).

The case law interprets the foregoing language in more restrictive fashion. The issue of the necessity to join parties to an underlying tort action in a Declaratory Judgments Act case has been raised before the Supreme Court of Pennsylvania in *Vale Chemical v. Hartford Accident,* 512 Pa. 290, 516 A.2d 684 (1986) and *Carlsson v. Pennsylvania General Insurance Co.,* 417 Pa. 356, 207 A.2d 759 (1965). Those cases specifically held that failure to join a plaintiff in a personal injury action to an action brought under the Declaratory Judgments Act to determine insurance coverage relative to the personal injury action was a fatal defect to the declaratory judgments action. The critical distinction between those cases and the present case is that they require parties to a case in which insurance coverage is an issue to be joined in a declaratory judgment action in which the coverage issue is addressed. The necessity to join such parties is not questioned and, in fact, all parties to the underlying personal injury claim in this matter have been joined in the declaratory judgment action.

The narrow issue in this case is whether an insurance carrier who has extended workers' compensation benefits to the plaintiff in a personal injury action is a necessary party in a declaratory judgment action which raises the issue of insurance coverage between an insurance carrier and a defendant in the personal injury action. That limited issue has apparently not been addressed by any appellate court in this Commonwealth.

Petitioner requested this court to interpret the Declaratory Judgments Act to permit joinder of a lienholder against a personal injury plaintiff. The Act makes no such specific reference and the Supreme Court of Pennsylvania decisions hold only that parties to the personal injury case are indispensable to the declaratory judgment action. To extend the definition of indispensable to a lienholder, not a litigant, would create a rule of law adding unnecessary parties to the litigation process without basis in statute or case law.

The cases cited by petitioner in support of its position are not premised on the same legal issue as presented in this case. Each of the cases relied upon, *Schramm v. Allegheny County Sanitation Authority,* 131 Pa. Commw. 126, 569 A.2d 994 (1990); *Davish v. Gidley,* 417 Pa. Super. 145, 611 A.2d 1307 (1992); and *Bumbarger v. Bumbarger,* 190 Pa. Super. 571, 155 A.2d 216 (1959), holds that a workers' compensation insurance carrier is subrogated to the rights of an employee, to whom it has paid benefits, in a suit or settlement by the employee against a third-party tort-feasor and may enforce that lien by intervention in the litigation or settlement against the third party.

For all of the reasons stated above, we find our order to be proper.