616 A.2d 614

Richard W. HANKEE and Jamie Hankee, his wife, Appellants,

v.

WILKES–BARRE/SCRANTON INTERNATIONAL AIRPORT, Appellee,

Aetna Casualty and Surety Company, Intervenor/Appellee.

Frederick G. SCHRAMM and Betty Jane Schramm, his wife,

v.

ALLEGHENY COUNTY SANITATION AUTHORITY, Appellee,

Carson–Pirie–Scott and Liberty Mutual Insurance Company, Intervenors–Appellees.

APPEAL OF Frederick G. SCHRAMM.

Supreme Court of Pennsylvania.

Argued Oct. 24, 1991.

Decided Nov. 13, 1992.

James T. McHale, Scranton, Bruce J. Phillips, Thomas L. Cooper, Pittsburgh, for appellants.

Paul A. Barrett, Scranton, for Aetna Cas. & Sur. Co.

Joseph P. Lenahan, Scranton, for Wilkes–Barre/Scranton Int. Airport.

Terry L.M. Bashline, Pittsburgh, for Int.–Carson–Pirie–Scott.

Stephanie G. Spaulding, Pittsburgh, for Allegheny County Sanitation Authority.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS, and CAPPY, JJ.

## OPINION

ZAPPALA, Justice.

These are consolidated appeals from orders of the Commonwealth Court. We begin by briefly recounting the facts and procedural history of the separate cases.

## No. 86 W.D. Appeal Docket 1990

On July 12, 1984, the vehicle that Frederick Schramm was driving was struck from behind by a vehicle driven by an employee of the Allegheny County Sanitation Authority (ALCOSAN). As the accident occurred while Schramm was in the course of his employment, he received worker's compensation payments from Liberty Mutual Insurance Company, the carrier for Carson–Pirie–Scott, his employer. Schramm and his wife filed a complaint against ALCOSAN in December of 1985, alleging the negligence of ALCOSAN's employee and asserting loss of earnings, pain and suffering, medical expenses, and loss of consortium. At a pre-trial conference in January of 1988, the Schramms agreed to settle the claims for $45,000. Carson–Pirie–Scott and Liberty Mutual claimed a right of subrogation [1] against the proceeds of the settlement under Section 319 of the Workmen's Compensation Act, 77 P.S. § 671.[2] Acting on a Petition to Distribute Proceeds of Settlement, common pleas court ordered that the proceeds be distributed to Liberty Mutual, and Commonwealth Court affirmed. 131 Pa.Cmwlth. 126, 569 A.2d 994.

## No. 190 E.D. Appeal Docket 1990

On September 2, 1983, Richard Hankee, a pipe fitter employed by Honeywell, Inc., was injured while working at the Wilkes–Barre/Scranton International Airport, a municipal authority formed by Luzerne and Lackawanna Counties. Aetna Casualty and Surety Company, Honeywell's worker's compensation insurance carrier, paid Hankee benefits pursuant to the Act. In November of 1984, Hankee and his wife filed a complaint against the Airport alleging the negligence of the Airport as a cause of his injuries and asserting loss of earnings and earning capacity, medical expenses, loss of enjoyment of

1. The total of the compensation paid was $70,449.96. Reduced by a no-fault insurance credit of $15,000, the employer/carrier asserted subrogation rights in the amount of $55,449.96.

2. Section 319 provides in relevant part

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe ... against such third party to the extent of the compensation payable under this article by the employer....

life, and loss of consortium. Aetna, asserting Honeywell's right of subrogation to Hankee's rights against the Airport to the extent of compensation paid,[3] filed a Petition to Intervene, which the common pleas court denied. Commonwealth Court reversed, 131 Pa.Cmwlth. 668, 571 A.2d 13, on the authority of that court's en banc decision in *Schramm*.

The controlling question common to these appeals is whether compensation paid pursuant to the Pennsylvania Workmen's Compensation Act constitutes "benefits under a policy of insurance" in accordance with 42 Pa.C.S. § 8553(d). That section of the Governmental Immunity Subchapter of the Judicial Code provides

If a claimant receives or is entitled to receive benefits under a policy of insurance other than a life insurance policy as a result of losses for which damages are recoverable under subsection (c),[4] the amount of such benefits shall be deducted from the amount of damages which would otherwise be recoverable by such claimant.

The Schramms and the Hankees argue that worker's compensation does constitute "benefits under a policy of insurance." From this, they further argue that Section 8553(d) would bar recovery of these amounts in their actions against the government agencies, and thus such amounts would not

---

3. The compensation paid totalled $78,463.73, consisting of $58,446.00 in wage loss benefits and $20,117.73 in medical benefits.

4. Subsection (c) reads

(c) Types of losses recognized.—Damages shall be recoverable only for:

(1) Past and future earnings and earning capacity.

(2) Pain and suffering in the following instances:

(i) death; or

(ii) only in cases of permanent loss of a bodily function, permanent disfigurement or permanent dismemberment where the medical expenses referred to in paragraph (3) are in excess of $1,500.

(3) Medical and dental expenses including the reasonable value of reasonable and necessary medical and dental services, prosthetic devices and necessary ambulance, hospital, professional nursing, and physical therapy expenses accrued and anticipated in the diagnosis, care and recovery of the claimant.

(4) Loss of consortium.

(5) Loss of support.

(6) Property losses.

constitute any part of their settlements or judgments. Accordingly, the Schramms conclude that Liberty Mutual has no right of subrogation against the proceeds of their settlement with ALCOSAN, and the Hankees conclude that Aetna had no right to intervene in their action against the Wilkes–Barre/Scranton International Airport.

Both appellants argue that the Commonwealth Court's holding ignores the rules of statutory construction. According to the appellants, the plain language of Section 8553(d) requires that worker's compensation benefits be deducted from any award against a municipal government. This argument is supplemented by reference to the rule that the express statement of exceptions in a statute shall be construed to exclude any other exceptions, 1 Pa.C.S. § 1924, thus the conclusion that the exception for life insurance policy benefits precludes the finding of an exception for worker's compensation benefits. The appellants also note the rules that the legislature is presumed to favor the public interest as against any private interest, 1 Pa.C.S. § 1922(5), and that Section 8553, being the statute latest in date of final enactment, should prevail, see 1 Pa.C.S. § 1936.[5]

These arguments are inadequate, for they rest on the facile premise, which almost amounts to begging the question, that Section 8553(d) applies whenever the plaintiff can be compensated with funds that cover the type of loss that occurred. Yet it is quite apparent that Section 8553(d) makes no reference whatsoever to the Workmen's Compensation Act or benefits payable thereunder, and there are many plausible distinctions between insurance policy benefits and worker's compensation benefits received by an employee, even where the latter payments are made by an insurance carrier pursuant to a policy with an employer.

As the appellees note, the Workmen's Compensation Act does not define the compensation received by injured

---

5. It should be noted that this rule of construction by its terms applies only where two statutes are "irreconcilable," making its application out of place with the remainder of the appellants' argument that the statutes may be read together.

employees as insurance, and several cases have observed, in broad context, that the Act does not render employers insurers of the life and health of their employees. See, e.g., *Monahan v. Seeds & Durham*, 336 Pa. 67, 6 A.2d 889 (1939). Rather, it has been recognized from the outset that the Act is remedial social legislation, which substitutes a relatively quick and inexpensive scheme to provide certain compensation for lost earnings, in place of the common law process under which any damages would be recoverable only after a suit against the appropriate parties, subject to available defenses and, of course, any expenses and delays inherent in the system.[6] Under this scheme, employees are able to obtain compensation without regard to fault—either their own, that of a third party, or even the lack of fault on the part of the employer— while employers are subject to payment of benefits at a set rate, receive immunity from being otherwise subjected to liability for damages, and have a right of subrogation to the extent of compensation paid in the event a third party is held responsible for the injury. Although an employer may secure its obligation to pay compensation by contracting with an insurer, and an injured employee may receive payments directly from the insurance carrier, in determining the nature of the benefits it cannot be ignored that the employer is obligated to provide the compensation without regard to the obtaining of insurance, and if insurance is obtained it is the employer, not the employee, that is the insured.[7]

6. Indeed, the unique nature of the system of workers' compensation is evidenced by the fact that it was necessary to amend the Constitution of the Commonwealth to give the General Assembly authority to enact it. See Pa. Const., Art. III, Sec. 18.

7. The appellees also note that the Act does not require an employer to insure its liability, and in fact many employers are self-insured with respect to their obligations under the Act. If benefits received pursuant to the Act were deemed "benefits under a policy of insurance" simply because they were traceable to an insurance policy, a discrimination would develop between employers that insure their obligations and those that are self-insured. According to the appellants' literal analysis, benefits paid directly by the employer would not fall under the exclusion of Section 8553(d), would not be deductible from any award or settlement against a municipality, and would be subject to the employer's statutory right of subrogation.

The appellants also argue that allowing the workers' compensation carriers to be subrogated to their rights against the municipalities would be inconsistent with the nature of subrogation. The Schramms rely on the fact that a subrogee's claim is no greater than that of the party to whose rights he is subrogated. Since Schramm is barred by Section 8553(d) from recovering as damages any amount received as workers' compensation benefits, the subrogee can assert no interest in the money paid in settlement of the claim. The Hankees argue in a similar vein that the Commonwealth Court's holding produces the absurd result that any verdict against a municipality would be reduced by the amount of compensation received, yet the plaintiff would still be subject to the workers' compensation subrogation, thus having his recovery reduced a second time.

The flaw in these arguments is that, again, they beg the question. They assume that workers' compensation payments are "benefits under a policy of insurance" for purposes of Section 8553(d). The Schramms' argument is correct as far as it goes, but it does nothing to establish why a judgment against a municipality should be reduced by the amount of workers' compensation payments received. The Hankees' argument is further flawed in that it fails to follow the assumption through to its logical conclusion. If a plaintiff does not recover these damages from the third party tortfeasor/municipality, the employer (or its insurance carrier) has nothing to be subrogated to. Thus there is no second reduction of the recovery and no absurd result as argued. Conversely, if a plaintiff can recover these damages from the municipality, there is no reason why the employer (or its insurance carrier) should be denied the subrogation right provided in Section 319 of the Act.

Finally, the appellants argue that Commonwealth Court's interpretation is contrary to the purpose of Section 8553(d). That purpose, they assert, is to limit municipalities' exposure to liability, placing the interest in preserving tax-generated, public funds over any individual's interest in the total amount of compensation received for any loss and, more particularly,

over the interests of insurance companies, which receive premiums to protect against such losses. Under the Commonwealth Court's analysis, the municipality would be required to pay damages to the plaintiff, who would then be required to relinquish to the employer (or its insurance carrier) the amount received by way of workers' compensation, thus shifting the burden for these damages from the employer (or its insurance carrier) to the municipality. The appellants argue that it would be more consistent with the purpose of Section 8553(d) to hold that since the damages were covered by payments from a collateral source, they cannot be recovered from the municipality.

The appellants offer an additional reason why this interpretation of Section 8553(d) runs contrary to the purpose of protecting municipal funds, asserting that it will increase both the damages claimable against municipalities and the amounts awarded as damages, with a corresponding decrease in the incentive for plaintiffs to settle their cases. The appellees respond by noting that the appellants in fact did claim damages for loss of earnings and earning capacity in their complaints. They also point out that this argument is pure speculation made in a vacuum, with no evidence to suggest the untoward consequences argued by the appellants. Finally, they observe that the municipal authorities, which one would think would have a greater interest in making this argument, did not assert in their Answers that Section 8553(d) barred recovery of those sums that had been paid by workers' compensation.[8]

Although it must be conceded that Section 8553(d) demonstrates an intention on the part of the legislature to relieve municipalities of the obligation to pay for damages where certain other compensation is available, upon review we

8. In fact, ALCOSAN specifically asserted in Paragraph 10 of its Answer that the Schramms could recover certain damages under the then extant No–Fault Motor Vehicle Insurance Act, and that they were either not entitled to recover this amount from ALCOSAN or that ALCOSAN was entitled to a set-off of this amount from any verdict. It did not, however, make the same argument with respect to any workers' compensation benefits received.

are convinced that this intention does not extend to workers' compensation payments. As the Commonwealth Court stated, the payments an injured employee receives are not themselves insurance benefits, they are an obligation imposed by statute on the employer. When an employer obtains insurance to secure the risk that it will have to make such payments, it guarantees a source for the payment of such benefits, but this does not change the nature of the payments due the employee.

Neither can the fact that the employer's obligation is, pursuant to contract, fulfilled by an insurance company be determinative of whether the payments are "benefits under a policy of insurance." Otherwise, we would be sanctioning a distinction between employers that are able to and choose to remain self-insured and those who insure their obligation under the Act. In the former case, an employee would be able to recover damages from the municipality and the employer would be able to exercise its subrogation right. In the latter case, the employee would not be able to recover from the municipality, and the employer (and its insurer) would have no right of subrogation. In *Brown v. Travelers Insurance Company*, 434 Pa. 507, 514, 254 A.2d 27, 29 (1969), a case decided before the Act was amended to specifically so provide, we held that an employer's insurance carrier is immune from suit as is the employer, a holding we found necessary to avoid "a regrettable discrimination ... between employers who are insured by the state Workmen's Insurance Fund or are self-insuring employers and those who carry private insurance."

One of the trade-offs that makes imposition of the obligation to pay compensation without regard to fault more equitable is the right granted to the employer to recoup payments where the employee is later able to obtain compensation from a third party. Even if it could do so without violating constitutional requirements of equal protection, a point on which we express no opinion, we believe that if the legislature had intended to deprive certain employers (those that insure their obligations) of this important statutory right in cases where the third party was a local government agency, shifting the burden of such losses from the municipality to the employer, it would

have used specific language addressing the Workmen's Compensation Act. Given that there exists a simpler, reasoned explanation under which both Section 8553(d) of the Judicial Code and Section 319 of the Workmen's Compensation Act can be read without doing violence to either, the construction urged by the appellants must be rejected.

The orders of the Commonwealth Court are affirmed.

McDERMOTT, J., did not participate in the decision of of these cases.