**Carol LAICH, Appellant,**

v.

**Margaret Ann BRACEY and Bucks County Intermediate Unit.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 16, 2001.

Decided May 4, 2001.

Mark C. Hanamirian, Philadelphia, for appellant.

Lawrence R. Berger, III, Lancaster, for appellees.

Before SMITH, Judge, FRIEDMAN, Judge, McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Carol Laich (Appellant) appeals from a determination of the Court of Common Pleas of Bucks County (trial court), granting Margaret Ann Bracey's (Bracey) and Bucks County Intermediate Unit's (BCIU), (collectively, Appellees), motion for summary judgment. We reverse.

On September 11, 1995, Appellant was exiting a school bus when it was hit from behind by a mini-van, owned by BCIU and driven by Bracey, a BCIU employee. On September 9, 1997, Appellant filed a civil complaint against Appellees, alleging that she sustained permanent injuries as the result of Bracey's negligent operation of BCIU's vehicle. Appellant sought damages in the amount of $50,000 for medical expenses, lost wages and pain and suffering. Appellees denied the allegations.

On May 22, 2000, Appellees filed a motion for summary judgment, alleging that Appellant had not sustained an injury that would allow her to recover damages under Chapter 85 of the Judicial Code (Code).[1] (R.R. at 4–9). On September 20, 2000, the trial court granted Appellees' motion ·for summary judgment, holding that there exists no genuine issue of material fact. The trial court concluded that Appellant's medical experts failed to opine with any degree of probability that Appellant had suffered

---

1. BCIU is a government entity and is, therefore, entitled to all immunities and defenses provided by the Code. Appellant's medical expenses were paid by her medical insurance and that Appellant received workers' compensation benefits for her lost wages.

a permanent loss of bodily function. Appellant appealed.[2]

On appeal to this Court,[3] Appellant argues that the trial court erred as a matter of law by deciding that there was no genuine issue of material fact. Specifically, Appellant asserts that the trial court erred by failing to view the record in the light most favorable to Appellant. We agree.

Section 8542(b)(1) of the Code provides an exception to immunity from liability for vehicular accidents which involve any motor vehicle in the possession or control of a local agency. *See* 42 Pa.C.S. § 8542(b)(1). Section 8553 of the Code addresses limitations of damages in such situations and further provides:

(c) **Types of losses recognized.**-Damages shall recoverable only for:

(1) Past and future loss of earnings and earning capacity.

(2) Pain and suffering in the following instances:

(i) death; or

(ii) only in cases of permanent loss of a bodily function, permanent disfigurement or permanent dismemberment where the medical and dental expenses referred to in paragraph (3) are in excess of $1,500.

42 Pa.C.S. §§ 8553(c)(1)–8553(c)(2). The Pennsylvania Supreme Court has held that the phrase "permanent loss of a bodily function" means that as a proximate result of the accident, the injured claimant is unable to do or perform a bodily act or bodily acts which the claimant was able to do or perform prior to sustaining the injury and that the loss of such ability is permanent. *Walsh v. City of Philadelphia,* 526 Pa. 227, 241–242, 585 A.2d 445, 452 (1991).

Moreover, the standard for summary judgment is well established. Summary judgment is properly granted "whenever there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report...." Pa. R.Civ.P. No. 1035.2(1). Summary judgment may be granted only in those cases where the right is clear and free from doubt. *Bigansky v. Thomas Jefferson University Hospital,* 442 Pa.Super. 69, 658 A.2d 423 (1995), *petition for allowance of appeal denied,* 542 Pa. 655, 668 A.2d 1119 (1995). The moving party has the burden of proving that there is no genuine issue of material fact. *Id.* Furthermore, the record and any inferences therefrom must be viewed in the light most favorable to the non-moving party, and any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Id.*

In this case, Appellant contends that she has suffered "a permanent loss of a bodily function" in that she can no longer oversee students on the school bus again or work as many hours as she did before the accident. She asserts that she has lost the full use of her neck, back, right arm and left leg since the accident. The material fact in issue in this case is whether Appellant suffered a "permanent loss of a bodily function" so that she could recover

---

2. Appellant filed a notice of appeal with the Superior Court of Pennsylvania on October 4, 2000. (R.R. at 152). On October 27, 2000, the Superior Court ordered that the matter be transferred to this Court. (R.R. at 155).

3. Our scope of review of an order granting or denying summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *Salerno v. LaBarr,* 159 Pa.Cmwlth. 99, 632 A.2d 1002 (1993), *petition for allowance of appeal denied,* 537 Pa. 655, 644 A.2d 740 (1994).

damages for pain and suffering. In this regard, Appellant presented reports from numerous medical experts showing that she suffered some injury as the result of the accident. (R.R. at 34–103). Moreover, if given the opportunity, Appellant will undoubtedly testify at trial as to the extent of her injuries and the performance of her bodily functions both before and after the accident. While we agree that one may reasonably argue that these ailments do not meet the standard set forth by our Supreme Court in *Walsh*, we nevertheless believe that this case presents a question of fact more appropriately addressed by a jury.[4] Furthermore, had the trial court viewed the evidence in the light most favorable to Appellant, it would have properly concluded that an issue of material fact existed as to whether Appellant's evidence, medical or otherwise, proved a permanent loss of function. Accordingly, the trial court must be reversed.

■ We emphasize that the trial court appears to have incorrectly assumed that Appellant could not recover any other damages, as her medical insurance paid her medical expenses and she received workers' compensation benefits for her lost wages. However, Section 8553(d) of the Code provides:

> **(d) Insurance benefits.**—If a claimant receives or is entitled to receive benefits under a policy of insurance other than a life insurance policy as a result of losses for which damages are recoverable under subsection (c), the amount of such benefits shall be deducted from the amount of damages which would otherwise be recoverable by such claimant.

42 Pa.C.S. § 8553(d). Inasmuch as Section 8553(c)(2) addresses only damages for pain and suffering, a jury could still award damages to Appellant for medical expenses and/or lost wages.[5] Pursuant to Section 8553(d) of the Code, the award for medical expenses would be deducted from the total amount of damages recovered by Appellant. Clearly, the trial court improperly granted Appellees' motion for summary judgment without addressing Appellant's other alleged damages. Because we are reversing the trial court's order, we hold this to be harmless error which can be remedied at trial.

### *ORDER*

AND NOW, this 4th day of May, 2001, the Court of Common Pleas of Bucks County is hereby reversed. This matter is remanded to the trial court with direction for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

4. We note that the trial court focused solely on Appellant's medical reports. Meanwhile, it ignored the possibility of Appellant, through her own testimony, meeting her burden of proving that she sustained a "permanent loss of bodily function." At any rate, we believe there is a genuine issue of material fact which should properly be decided by a factfinder.

5. Workers' compensation benefits do not constitute "benefits under a policy of insurance" within the meaning of Section 8553(d) of the Code and an employer has the right of subrogation against damages received by a worker. *See Hankee v. Wilkes–Barre/Scranton International Airport*, 532 Pa. 494, 616 A.2d 614 (1992).