**Joyce C. MULLIN, Administratrix of the Estate of Crystal G.E. Vattilano and Joyce C. Mullin, Individually,**

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation, West Grove Fire Company Ambulance Division, Ronald Weir and New London Township.**

**Appeal of Commonwealth of Pennsylvania, Department of Transportation.**

Commonwealth Court of Pennsylvania.

Argued Nov. 6, 2001.

Decided March 12, 2002.

Reargument Denied May 1, 2002.

John P. Capuzzi, Norristown, for appellant.

John J. Breen and Hudson L. Voltz, West Chester, for appellees.

Before DOYLE, Senior Judge,[1] LEADBETTER, J., and FLAHERTY, Senior Judge.

OPINION BY Senior Judge DOYLE.

Appellant, the Pennsylvania Department of Transportation (DOT), appeals from an order of the Court of Common Pleas of Chester County denying DOT's motion for summary judgment.[2] We reverse the order of the Common Pleas Court.

This appeal stems from a civil action resulting from a fatal vehicle accident that occurred on December 2, 1997, between an automobile driven by Crystal Vattilano (Decedent) and an ambulance of the West Grove Fire Company. The accident occurred at the intersection of State Road and Kelton–Pennocks Bridge Road (the highways) in New London Township (Township), Chester County, Pennsylvania. Prior to the accident, DOT and the Township signed a transfer agreement dated August 1, 1997, reassigning jurisdiction over both highways to the Township in accordance with Sections 9201 through 9208 of the Vehicle Code (Transfer of State Highways Act or Act), 75 Pa.C.S. §§ 9201–9208.[3]

---

1. This case was assigned to the opinion writer prior to the date when President Judge Doyle assumed the status of senior judge on January 1, 2002.

2. DOT requested permission to appeal from this interlocutory order pursuant to Pennsyl-vania Rule of Appellate Procedure 1311, and this Court entered an order granting DOT's request on June 28, 2001.

3. The transfer agreement that DOT and the Township signed on August 1, 1997, went into effect on September 3, 1997. On this date

Joyce Mullin, Decedent's mother and Administratrix of her estate, named DOT, among others, as a party in a wrongful death and survival action alleging failure to properly design, construct and maintain the intersection of the highways. DOT filed its motion for summary judgment on December 15, 2000, arguing that as a matter of law it could not be liable for Decedent's injuries. The trial court, however, agreeing with the rationale of the lower court in *Litchfield v. PennDOT*, 22 Pa. D. & C. 4th 123 (1994), *aff'd*, 659 A.2d 93 (Pa.Cmwlth.1995),[4] *appeal dismissed as improvidently granted*, 544 Pa. 196, 675 A.2d 1210 (1996), denied DOT's motion for summary judgment. This appeal followed.

■ On appeal, DOT argues that the trial court in this case erred in failing to strictly apply the statutory provisions concerning the transfer of highways from DOT to local control, and it thereby improperly denied DOT's motion for summary judgment.[5] It is DOT's position that, pursuant to Section 9207 of the Act, 75 Pa.C.S. § 9207,[6] jurisdiction over the highways was transferred to the Township three months prior to the date of the accident, and thus DOT is not liable for Decedent's injuries. We agree that the trial court, relying on *Litchfield*, incorrectly held that the condition of the roads at the time of the transfer determined liability. Liability is instead based on which governmental unit had jurisdiction over the roads at the time of Decedent's accident. As the parties to the transfer agreement stipulated that DOT would not be responsible for the repairs to the roads, and DOT fulfilled its part of the agreement

---

DOT issued a check for $1,100,000.00 to the Township as payment to facilitate the repairs to six roads which were the subject of the transfer agreement (of this amount $380,953.00 was for repairs to State Road, and $179,405.00 was designated for the repairs to Kelton–Pennocks Bridge Road). (Transfer Agreement at 1, 3). The Township deposited the check on September 12, 1997, and it cleared four days later. With respect to DOT's payment, it should be noted that the transfer agreement states in part:

Transfer of jurisdiction of the herein named state highways shall be in accordance with.... 75 Pa.C.S. Chapter 92. Full execution and approval of this Agreement by both the parties shall be deemed to satisfy the requirement of Act 1983–32 and **the date of transfer shall be upon execution of agreement and payment....**"

(Transfer Agreement at 3) (emphasis added).

4. In *Litchfield*, upon denial of DOT's motion for summary judgment, Common Pleas certified the case as immediately appealable. This court affirmed the trial court's decision in an unpublished memorandum opinion filed May 12, 1995; our opinion, however, has no precedential value. *See* Section 414 of this Court's Internal Operating Procedures, 210 Pa.Code § 67.55.

5. Our standard of review in cases involving summary judgment is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Laich v. Bracey*, 776 A.2d 1022 (Pa.Cmwlth. 2001). Summary judgment should only be granted when there are no contested issues of fact and the law is clear. *Sickles v. Consolidated Rail Corp.*, 777 A.2d 1240 (Pa.Cmwlth. 2001).

6. Section 9207 provides as follows:

**(a) General Rule.**—The department and the affected municipality shall jointly determine whether any rehabilitative work is required to put the highway or road in a satisfactory condition. The rehabilitative work may be done by department or municipal forces, or by contract, as the parties shall agree. **If the work is to be performed by the department or its contractors, the highway or road transfer shall not be effective until all agreed upon rehabilitative work has been completed.**

. . . .

**(c) Public Liability.**—Upon transfer of any highway, the municipality shall assume the same public liability for the transferred highway as it assumes for other highways under municipal jurisdiction.**

75 Pa.C.S. § 9207 (emphasis added).

by making payment to the Township, the condition of the roads is not relevant.[7]

In *Litchfield*, the Clinton County Court of Common Pleas held that DOT did not divest itself of liability by a transfer agreement until such time as the subject roadway was put in "satisfactory condition," *Litchfield*, 22 Pa. D. & C. 4th at 127; but, also in *Litchfield*, the township and DOT agreed that *DOT* would complete the repairs. In the case before us now, it is clear that, by the terms of the transfer agreement, the Township assumed responsibility over the highways. The agreement states in part that "[t]he MUNICIPALITY shall be responsible for maintenance and protection of traffic, at all times during the performance of its responsibilities under this agreement. . . ." (Transfer Agreement at 3). Further, Section 9207(a) of the Act clarifies that the transfer of a highway cannot be effected until all rehabilitative work is done *only* when DOT or one of its contractors is making the repairs. In the present case, the Township, not DOT, agreed to make the repairs and, therefore, the transfer could be completed without the repairs having been made.[8]

Moreover, Section 9207(c) pertinently states that, "[u]pon transfer of any highway, the municipality shall assume the same public liability for the transferred highway as it assumes for other highways under municipal jurisdiction." Jurisdiction was transferred from DOT and vested in the Township on September 3, 1997, the date that the transfer agreement was executed and DOT issued the check for the $1,100,000.00 payment. Accordingly, the Township assumed liability for the highways on September 3, 1997, as it did for other highways under its jurisdiction.

■ Again, we hold that it was not the condition of the highways at the time of their transfer that determines liability. Liability for the design, construction and maintenance of a highway rests solely with the governmental unit that had jurisdiction over the highway at the time of the accident. In the instant case, because the parties completed a transfer agreement in accordance with 75 Pa.C.S. § 9207, almost three months prior to the accident, jurisdiction **and liability** rested with the Township, not DOT. Further, because, at the time of Decedent's accident, the highways were not "highways **under the jurisdiction of a Commonwealth agency**," pursuant to Section 8522(b)(4) of the Judicial Code, 42 Pa.C.S. § 8522(b)(4) (emphasis added), any argument by Mullin that DOT is liable under the real property exception to sovereign immunity must fail.

The order of the Chester County Court of Common Pleas is now reversed and the matter is remanded to the trial court with the direction that DOT's motion for summary judgment be granted.

### ORDER

AND NOW, *March 12, 2002*, the order of the Court of Common Pleas of Chester County is reversed and the case is remanded to the trial court with the di-

---

**7.** It is apparent from the transfer agreement that DOT and the Township determined that repairs were required to put the roads into satisfactory condition, and agreed that the **Township** (**not** DOT or one of its contractors) would perform the repairs after assuming jurisdiction of the roadway. (Transfer agreement at 3). As repairing the roads was not DOT's responsibility, but the Township's, the

transfer was complete upon execution of the agreement and payment of the stipulated sum by DOT.

**8.** Clause 3 of the transfer agreement specifically states that the township is not to be considered the employee of the Commonwealth for the purposes of the work. (Transfer Agreement at 3).

rection that DOT's motion for summary judgment be granted.

Jurisdiction relinquished.