James K. **ALEXANDER**, individually and as Parent and Natural Guardian of James F. Alexander, a minor, Appellant,

v.

Thomas Joseph **BENSON** and Ridley School District.

Commonwealth Court of Pennsylvania.

Argued Nov. 4, 2002.

Decided Dec. 16, 2002.

Thomas F. Sacchetta, Media, for appellant.

Robert P. DiDomenicis, Media, for appellees.

BEFORE: McGINLEY, Judge, LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

James K. Alexander (Alexander), individually and as parent and natural guardian of James F. Alexander, his minor son, appeals from an order of the Court of Common Pleas of Delaware County (trial court), denying his motion for post-trial relief. We affirm.

On November 24, 1997, Alexander's son, a minor at the time, was struck by a vehicle owned by Ridley School District (the District) and driven by Thomas Joseph Benson (Benson), an employee of the District. Alexander's son apparently entered the street from between two parked school buses in the middle of a block. As a result of the accident, Alexander's son sustained an injury to his right arm in the nature of a compound fracture of the radius and a fracture of the ulna styloid. Additionally, the radius fracture caused a small piece of bone to poke through the skin on the underside of Alexander's son's right forearm, leaving a small mark no greater than four millimeters.

Alexander thereafter filed suit on his son's behalf against Benson and the District with the trial court. The case proceeded before a jury. At trial, the medical expert who testified on behalf of Benson and the District conceded that Alexander's son had a four millimeter permanent scar right below his wrist. At the close of all evidence, special interrogatories were sent to the jury to determine whether or not Alexander's son had suffered permanent loss or permanent disfigurement as a result of the accident.[1]

Alexander's counsel objected to this question and instead requested that the trial court find as a matter of law that Alexander's son had suffered a permanent disfigurement based upon the trial testimony, including the testimony of Benson's and the District's medical experts. Alexander's counsel's request, however, was

---

1. For unknown reasons, the first special interrogatory questioned the jury as to the permanent disfigurement of Alexander's son, an issue of damages, rather than questioning the jury as to the alleged negligence of Benson and/or the District. Instead, the issue of negligence was set forth as the second special interrogatory.

denied. The jury ultimately returned a verdict in favor of Benson and the District and specifically found that Alexander's son did not have a permanent disfigurement.[2] Alexander filed post-trial motions, but the same were denied. Alexander now appeals to this Court.

■ On appeal,[3] Alexander argues that the trial court erred in failing to find as a matter of law that his son suffered a permanent disfigurement. We disagree.

■ Generally, a local agency, such as the District in this case, is entitled to governmental immunity and "shall [not] be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." Section 8541 of the Judicial Code, 42 Pa.C.S. § 8541. However, there are exceptions to this immunity. Specifically, one of these exceptions includes situations involving the negligence of the local agency in the operation of a motor vehicle in its possession or control. See Section 8542(b)(1) of the Judicial Code, 42 Pa.C.S. § 8542(b)(1). Nevertheless, there are limitations on the damages recoverable in such an action. More specifically, damages for pain and suffering shall only be recoverable "in cases of permanent loss of a bodily function" or in cases of "permanent disfigurement." Section 8553(c)(2)(ii) of the Judicial Code, 42 Pa.C.S. § 8553(c)(2)(ii).

Our Supreme Court first addressed the definition of permanent disfigurement in *Walsh v. City of Philadelphia,* 526 Pa. 227,

585 A.2d 445 (1991). In *Walsh,* the Court turned to Black's Law Dictionary, wherein "permanent" was defined as "continuing or enduring in the same state, status, place, or the like, without fundamental change, not subject to fluctuation, or alteration, fixed or intended to be fixed; lasting; abiding; stable; not temporary or transient." *Walsh,* 526 Pa. at 243, 585 A.2d at 453. The term "disfigurement" was defined as "that which impairs or injures the beauty, symmetry, or appearance of a person or thing; that which renders unsightly, misshapen, or imperfect, or deforms in some manner." *Id.*

■ In his brief to this Court, Alexander relies heavily on *Walsh* and *Norwin School District v. Cortazzo,* 155 Pa. Cmwlth. 432, 625 A.2d 183 (1993), in support of his argument. In *Norwin School District,* we upheld the trial court's denial of post-trial motions and the trial court's finding that there was sufficient evidence to support the jury's conclusion that the minor in that case had suffered a permanent disfigurement.[4] In *Norwin School District,* we cited to the definition of "scar" in Black's Law Dictionary as "1: to mark with a scar: MAR, DISFIGURE 2: to leave a lasting ill effect on. . . ." *Norwin School District,* 625 A.2d at 187.

However, Alexander's reliance on these cases is misplaced. Neither *Walsh* nor *Norwin School District* stand for the proposition that the issue of permanent disfigurement should be taken from the jury.

2. The jury never reached the issue of negligence contained in the second special interrogatory.

3. Our scope of review of an order of the trial court denying post-trial motions is limited to determining whether the trial court abused its discretion or committed an error of law. *Township of Lower Milford v. Britt,* 799 A.2d 965 (Pa.Cmwlth.2002).

4. In *Norwin School District,* a minor had sustained an injury in the nature of a fractured femur while riding a merry-go-round on one of the elementary school's playgrounds. The minor thereafter required surgery. The surgery resulted in a permanent scar on the minor's leg.

More specifically, in *Walsh*, the case was conducted via a bench trial and submitted to the trial court on the basis of stipulated facts. In *Norwin School District*, we merely held that there was sufficient evidence upon which the jury in that case could conclude that a minor suffered a permanent disfigurement. We noted in *Norwin School District* that the minor showed the jury the location of a permanent scar as a result of his injury.

Recently, both our Supreme Court and Superior Court reiterated the principle that certain essential determinations, including whether a plaintiff suffered a compensable injury and the extent of such an injury, are strictly within the purview of a jury. *See Davis v. Mullen*, 565 Pa. 386, 773 A.2d 764 (2001); *Majczyk v. Oesch*, 789 A.2d 717 (Pa.Super.2001). The Court in *Majczyk* noted that "a jury is not required to award a plaintiff any amount of damages if it believes that any injury plaintiff suffered was insignificant." *Majczyk*, 789 A.2d at 724. Further, the Court in *Majczyk* noted that "a jury is not required to believe even uncontradicted testimony...." *Majczyk*, 789 A.2d at 725.

In this case, the jury heard the evidence submitted on behalf of the parties. Admit-

tedly, the District's/Benson's medical expert conceded that Alexander's son had a four millimeter permanent scar right below his wrist. Nevertheless, after viewing the scar, the jury determined that Alexander's son did not have a permanent disfigurement.[5] Such a determination was strictly within the jury's purview. Thus, we cannot say that the trial court erred in failing to find as a matter of law that Alexander's son suffered permanent disfigurement. Nor can we say that the trial court erred in denying Alexander's motion for post-trial relief.

Accordingly, the order of the trial court is affirmed.

### *ORDER*

AND NOW, this 16th day of December, 2002, the order of the Court of Common Pleas of Delaware County is hereby affirmed.

---

**5.** In other words, it appears as though the jury determined that Alexander's son's scar was unnoticeable and/or insignificant to the extent that it did not merit an award of damages.