## Brown v. Marraccini

C.P. of Northampton County, no. C0048 CV 2000 007471.

*Mark F. Greenfield,* for plaintiffs.
*Christine E. Munion,* for defendants.

SMITH, *J.,* December 30, 2002—

## I. FACTUAL AND PROCEDURAL HISTORY

On October 16, 2000, plaintiffs Tami Brown and Jeffrey Williams filed a complaint against defendants Dominick W. Marraccini and the City of Easton, alleging negligence arising out of an automobile accident. According to the plaintiffs' complaint, on or about October 20, 1998, at approximately 9 a.m., plaintiff Tami Brown was operating a motor vehicle in which Jeffrey Williams was a passenger. The vehicle was proceeding in a southwesterly direction on Walnut Street at or near its intersection with Washington Street in Easton, Northampton County. At the same date and time, defendant Dominick W. Marraccini was operating a motor vehicle owned by defendant City of Easton.[1] The vehicle operated by Marraccini was traveling westbound on Washington Street at or near its intersection with Walnut Street in Easton. The vehicles collided, and as a result of the collision, plaintiffs claim they suffered severe and permanent bodily injury.

On October 30, 2002, defendants Marraccini and Easton filed a motion for summary judgment, claiming that they are immune from suit based on the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541. Defendants further claim that their conduct does not meet one of the exceptions to governmental immunity. Specifically, defendants contend that plaintiffs can only recover pain and suffering damages against a governmental entity in a tort action "in cases of permanent loss of a bodily func-

---

1. Defendant Dominick W. Marraccini is employed by the City of Easton and was operating a police vehicle owned by the City of Easton on the date of this incident.

tion, permanent disfigurement or permanent dismemberment." 42 Pa.C.S. §8553(c)(2)(ii). In support of their motion, defendants cite portions of plaintiff Tami Brown's deposition testimony indicating that she merely has difficulty blow drying her hair and reaching for things. Further, defendants note that none of the chiropractors who treated plaintiff Jeffrey Williams opined that he has a permanent injury nor have the chiropractors restricted his activities.

On November 29, 2002, plaintiffs filed a response to the defendants' motion for summary judgment. Plaintiff Tami Brown claims that she suffered various serious and permanent personal injuries, serious impairment of body function and permanent serious disfigurement as a result of the accident. According to plaintiffs' complaint, Brown's injuries include: cervical brachial syndrome, neuromuscular compression of the subclavian artery on the left, myospasm of the scalenus on the left, myospasm of the trapezius on the left, intersegmental dysfunction of the cervical spine, somatic dysfunction of the left scapulothoracic region, bulging annuli at C3/4, C4/5, and C5/6, cervical cranial syndrome, cervical strain and sprain, thoracic spine pain, segmental dysfunction, subluxation and other ills and injuries. Plaintiff submitted medical records to this court with her memorandum of law in response to defendants' motion for summary judgment. According to a letter from Dr. Dan Allen, a physician with Ziegler Chiropractic Clinic, some of the injuries sustained by Tami Brown "will be permanent in nature." (Plaintiffs' complaint, exhibit "A".)

Plaintiff Jeffrey Williams claims he suffered various serious and permanent personal injuries, serious impair-

ment of body function and permanent serious disfigurement. In plaintiffs' complaint, Williams' alleged injuries include: cervical neuritis, myofascitis, lumbar myospasm, left hip pain, cervical spine pain, cervical segmental dysfunction, cervical subluxation, cervical strain and sprain, lumbar pain, lumbar segmental dysfunction, lumbar subluxation, lumbar strain and sprain, and other ills and injuries. According to plaintiffs' memorandum of law in response to defendants' motion for summary judgment, Dr. Ziegler opined that some of Williams' injuries attributable to the accident are permanent. Further, the medical records included in plaintiffs' memorandum of law indicate that Williams is no longer able to drive "tanker" trucks. (Plaintiffs' complaint, exhibit "B".) With regard to Williams' continuing neck pain, the medical records indicate that Williams "will basically have to learn to live with these residuals." (Plaintiffs' complaint, exhibit "B".)

## II. DISCUSSION

### A. *Summary Judgment*

Defendants move for summary judgment, claiming that plaintiffs have not established a permanent loss of a bodily function necessary to satisfy the exception to governmental immunity under 42 Pa.C.S. §8553(c)(2)(ii). According to the Pennsylvania Rules of Civil Procedure, summary judgment is properly granted where no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2; *O'Brien Energy Systems Inc. v. American Employers' Insurance Co.*, 427 Pa. Super. 456, 461, 629 A.2d 957,

960 (1993), *appeal denied,* 537 Pa. 633, 642 A.2d 487 (1994). The grant of summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions, and affidavits support a conclusion that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Penn Center House Inc. v. Hoffman,* 520 Pa. 171, 175, 553 A.2d 900, 902 (1989).

Further, summary judgment is appropriate only in those cases which are clear and free from doubt. *Lyman v. Boonin,* 535 Pa. 397, 404, 635 A.2d 1029, 1032 (1993). The record must be viewed "in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Ertel v. Patriot- News Co.,* 544 Pa. 93, 98-99, 674 A.2d 1038, 1041 (1996) (citing *Pennsylvania State University v. County of Centre,* 532 Pa. 142, 144-45, 615 A.2d 303, 304 (1992)). Pennsylvania Rule of Civil Procedure 1035 states that a party may move for summary judgment where "an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

## B. *Governmental Immunity*

The basis for defendants' motion for summary judgment is governmental immunity. The Pennsylvania Legislature has specifically excluded local agencies from liability for tort claims arising from the acts of the agency or its employees. According to the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541,

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

The purpose of the Political Subdivision Tort Claims Act is to insulate political subdivisions from liability, except for injuries sustained to persons in accordance with one of the specific exceptions listed in the Act. *Mascaro v. Youth Study Center,* 514 Pa. 351, 355, 523 A.2d 1118, 1120 (1987). The relevant exception in the instant case is found in 42 Pa.C.S. §8553(c)(ii), which states that damages shall be recoverable only for pain and suffering "only in cases of permanent loss of a bodily function, permanent disfigurement or permanent dismemberment . . . ."

In their complaint, plaintiffs claim both permanent loss of bodily function and permanent disfigurement. In *Walsh v. City of Philadelphia,* 526 Pa. 227, 585 A.2d 445 (1991), the Pennsylvania Supreme Court defined "permanent loss of a bodily function" as:

"A permanent loss of a bodily function means that the plaintiff, as a [proximate] result of the accident, can no longer perform a physical act or acts which she was capable of performing prior to injury proximately resulting from the accident), and that this loss of bodily function is permanent, that is that this loss of bodily function will exist for the remainder of her . . . life." 526 Pa. at 241, 585 A.2d at 452 (quoting *Savitt v. City of Philadelphia,* 557 F. Supp. 321, 328 (E.D. Pa. 1983).

The *Walsh* court also adopted Black's Law Dictionary's definition of "permanent" and "disfigurement" to de-

scribe permanent disfigurement. It defined permanent as "[c]ontinuing or enduring in the same state, status, place, or the like, without fundamental change, not subject to fluctuation, or alteration, fixed or intended to be fixed; lasting; abiding; stable; not temporary or transient[,]" and disfigurement as "[t]hat which impairs or injures the beauty, symmetry, or appearance of a person or thing; that which renders unsightly, misshapen, or imperfect, or deforms in some manner." *Walsh,* 526 Pa. at 243, 585 A.2d at 453. These definitions—of "permanent loss of bodily function" and "permanent disfigurement"—necessarily rely on factual determinations.

The Commonwealth Court of Pennsylvania recently reversed a common pleas court's grant of summary judgment, finding a genuine issue of material fact as to whether injuries constituted "permanent loss of bodily functions" under *Walsh. Laich v. Bracey,* 776 A.2d 1022 (Pa. Commw. 2001). In *Laich v. Bracey,* Ms. Laich was exiting a school bus when it was hit from behind by a mini-van, owned by Bucks County Intermediate Unit and driven by Ms. Bracey. 776 A.2d at 1023. The Bucks County Court of Common Pleas granted summary judgment in favor of defendants Bucks County Intermediate Unit and Bracey, finding that there existed no genuine issue of material fact. *Id.* The trial court concluded that the plaintiff's experts failed to opine with any degree of probability that she suffered a permanent loss of bodily function. 776 A.2d at 1023-24.

According to the Commonwealth Court in *Laich,* "While we agree that one may reasonably argue that these ailments do not meet the standard set forth by our Supreme Court in *Walsh,* we nevertheless believe that this

case presents a question of fact more appropriately addressed by a jury." 776 A.2d at 1025. The court noted that the plaintiff presented reports from numerous medical experts showing that she suffered some injury as a result of the accident. Furthermore, according to the Commonwealth Court, "if given the opportunity, [plaintiff] will undoubtedly testify at trial as to the extent of her injuries and the performance of her bodily functions both before and after the accident." *Id.* The court noted that had the trial court viewed the record in the light most favorable to the plaintiff, it would have properly concluded that an issue of material fact existed as to whether the plaintiff suffered a permanent loss of bodily function. *Id.*

Moreover, in *Alexander v. Benson,* 812 A.2d 785 (Pa. Commw. 2002), the Commonwealth Court of Pennsylvania opined, "Recently, both our Supreme Court and Superior Court reiterated the principle that certain essential determinations, including whether a plaintiff suffered a compensable injury and the extent of such an injury, are strictly within the purview of a jury." 812 A.2d at 788 (citing *Davis v. Mullen,* 565 Pa. 386, 773 A.2d 764 (2001), and *Majczyk v. Oesch,* 789 A.2d 717 (Pa. Super. 2001)). In *Alexander,* the Commonwealth Court refused to disturb a jury's finding that, although the plaintiff had a four millimeter permanent scar, his injury did not constitute a "permanent disfigurement" to entitle him to damages from a local government agency. The court explained that the determination of whether the plaintiff had a permanent disfigurement "was strictly within the jury's purview." *Alexander,* 812 A.2d at 788.

We note, as the court did in *Laich v. Bracey,* that one may reasonably argue that the injuries sustained by plaintiffs in this matter do not rise to the level of permanent loss of bodily functions or permanent disfigurement. However, plaintiffs' doctors have opined that some of plaintiffs' injuries may be permanent in nature. When viewed in the light most favorable to plaintiffs, we believe an issue of material fact exists regarding whether plaintiffs' injuries are permanent. For the foregoing reasons, summary judgment is inappropriate in this case.

## III. CONCLUSION

In light of the principles set forth by the Pennsylvania Supreme Court and Commonwealth Court, and the record before this court, we are unconvinced that there exists no genuine issue of material fact as to whether plaintiffs suffered a permanent loss of bodily function and a permanent disfigurement. Plaintiffs presented several medical reports, including reports indicating that the injuries sustained by the plaintiffs may be permanent. When viewing the evidence in the light most favorable to plaintiffs, including the medical records produced and plaintiffs' own testimony, we conclude that an issue of material fact exists as to whether plaintiffs suffered a permanent loss of bodily function and a permanent disfigurement. To find otherwise would force this court to make a credibility determination that is more appropriately within the purview of a jury. Accordingly, the issue of whether the plaintiffs suffered such injuries is a question for the jury and defendants' motion for summary judgment is denied.

Wherefore, we enter the following:

## ORDER

And now, December 30, 2002, following review of defendants Dominick W. Marraccini's and City of Easton's motion for summary judgment and the plaintiffs' response thereto, it is hereby ordered that defendants' motion is denied.