**Rivera v. Pleasant Valley School District**

*Brian J. Walsh*, for plaintiffs.
*James J. Dodd-o*, for defendant.

ZULICK, *J.*, September 23, 2013—This lawsuit arises out of an injury allegedly suffered by the minor plaintiff, Kimberly Rivera (Kimberly) on May 24, 2007. The complaint alleges that Kimberly was a 6th grade student at Pleasant Valley Intermediate School. During recess, Kimberly slid down a "fireman's pole" that was part of a jungle gym unit on the playground. When she landed, she fractured her ankle. She eventually needed two surgeries for repair of the ankle. On May 21, 2008, Paul and Darlene Rivera (Riveras) filed suit against Pleasant Valley School District (PVSD), individually and as their daughter's guardians. The Riveras allege that the layer of wood chips (which serve as a padding) beneath the fireman's pole was not deep enough, and that this insufficiency caused Kimberly's injury.

After the completion of discovery, PVSD filed a motion for summary judgment, alleging that: (1) plaintiffs' claims were barred, as PVSD had immunity under the Political Subdivision Tort Claims Act (PSTCA), 42 Pa.C.S. § 8541, et seq., and (2) plaintiffs' claim for non-economic damages was barred as plaintiffs failed meet the requirements for such damages under the PSTCA. The Riveras filed a brief

in opposition to PVSD's motion, which was argued before the court on July 1, 2013.

## DISCUSSION

"Summary judgment is only appropriate in cases where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Gleason v. Borough of Moosic*, 609 Pa. 353, 361 (2011). A material fact is one that directly affects the outcome of the case. *Bartlett v. Bradford Publ'g, Inc.*, 885 A.2d 562, 568 (Pa. Super. 2008). A court must view the evidence in the light most favorable to the nonmoving party, and all doubts as to a genuine issue of material fact must be resolved against the moving party. *Gleason*, 609 Pa. at 361 (citing *Fine v. Checcio*, 582 Pa. 253 (2005)). When the moving party satisfies its initial burden, the nonmoving party may not simply rest upon the allegations or denials contained in the pleadings, instead the nonmoving party must show there is a genuine issue for trial. *Preferred Fire Prot., Inc. v. Joseph Davis, Inc.*, 984 A.2d 20, 24 (Pa. Super. 2008). A nonmoving party's failure to adduce sufficient evidences on an issue essential to the case establishes that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *Ario v. Ingram Micro, Inc*, 965 A.2d 1194, 1207 n. 15 (Pa. 2009).

The Riveras allege that PVSD was negligent in its care, custody or control of its real property. They contend that the wood chips below the fireman's pole weren't deep enough. PVSD asserts that the Riveras' action should be dismissed, as PVSD has immunity under the PSTCA.

The PSTCA generally provides that "no local agency shall be liable for any damages on account of any injury to

a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. § 8541. However, the PSTCA provides several exceptions:

(a) Liability imposed. — A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

(b) Acts which may impose liability. — The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

...(3) *Real property.* — The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in

the possession of the local agency. As used in this paragraph, "real property" shall not include:

(i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;

(ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights-of-way;

(iii) streets; or

(iv) sidewalks.

42 Pa.C.S. § 8542. The parties here agree that the playground equipment itself was not defective or otherwise the cause of Kimberly's injury. The dispute is whether the wood chips (or mulch) which served as a protective carpeting for the playground are real or personal property.

It is clear that up until the time the wood chips were spread on the playground, they were the personal property of the PVSD. However, when the wood chips were spread on the playground area, they became real property.

> Chattels used in connection with real estate are of three classes: First, those which are manifestly furniture, as distinguished from improvements, and not peculiarly fitted to the property with which they are used; these always remain personalty.... Second, those which are so annexed to the property, that they cannot be removed without material injury to the real estate or to themselves; these are realty.... Third, those which, although physically connected with the real estate, are so affixed as to be removable without destroying or materially injuring the chattels themselves, or the

property to which they are annexed; these become part of the realty or remain personalty, depending on the intention of the parties at the time of annexation....

*Repko v. Chichester School Dist.*, 904 A.2d 1036, 1040 (Pa. Cmwlth. 2006) (citing *Clayton v. Lienhard*, 167 A.2d 321, 322 (Pa. 1933). It is clear that the wood chips are not of the first class, as they are not furniture or some other easily portable thing.

PVSD argues that this is not the case. They argue that "school equipment attached to real property by gravity remains personalty." Defendant's Motion for Summary Judgment at 27 (citing *Canon-McMillan School Dist. v. Bioni*, 561 A.2d 853, 854 (Pa. Cmwlth. 1989)). *Canon-McMillan* is distinguishable from the present matter. In that case, a student was injured while using an 800 pound wood lathe in shop class. The Commonwealth Court found that the lathe was personalty, and based this decision on the fact that the lathe was movable, and not physically affixed to the floor by anything more than gravity. *Id.* at 855. Other cases cited by PVSD found immunity using similar logic. *See, Rieger v. Altoona Area School Dist.*, 768 A.2d 912 (Pa. Cmwlth. 2001) (gym mats, which could be freely moved were not part of the real estate of the school.); *Blocker v. City of Philadelphia*, 763 A.2d 373 (Pa. 2000) (concert bleachers, which could be easily removed, were not fixtures such that similar provision of Tort Claims Act did not waive city's immunity).

The wood chips in this case most aptly fit in the second category described above. The wood chip mulch is spread throughout the playground. To remove it, material harm would likely have to be done to the property, in that their

removal would leave an area of the property blighted. Additionally, in order to totally remove the mulch, it is likely that construction equipment would have to be used (considering the area covered by the mulch, and that over time the mulch will deteriorate and mingle with the soil on the property). Further, removing the mulch would be extremely difficult without changing its character, as any removal would likely result in large amounts of other material (dirt, grass, refuse, etc.) being removed with the woodchips. Therefore, the court finds that the woodchips were part of the real property of PVSD, and as such the exception under 42 Pa.C.S. § 8542(b)(3) applies, negating the PSTCA's general grant of immunity to PVSD.

It is important to note that even if the mulch was properly classified as the third type of chattel relating to real estate, summary judgment would still not be proper. Were the mulch deemed removable, a question of fact about the owner's intentions would exist for the jury to decide as to whether or not the school district intended for the mulch to be part of the realty at the time they it was applied. *See Canon-McMillan*, 561 A.2d at 855. PVSD has adduced no facts which would establish that they intended the woodchips to remain personalty at the time they were applied to the playground. Unlike machinery or mats, the wood chips are placed on a more permanent basis, as part of the care of the property. PVSD's intent would remain a question of material fact, which is to be decided by the jury. *Id.*

PVSD contends in the alternative that even if immunity under the PSTCA is inapplicable, the Riveras' claim for non-economic damages should be barred. The PSTCA provides, in its pertinent part that:

(a) General rule. — Actions for which damages are limited by reference to this subchapter shall be limited as set forth in this section.

(b) Amounts recoverable. — Damages arising from the same cause of action or transaction or occurrence or series of causes of action or transactions or occurrences shall not exceed $500,000 in the aggregate.

(c) Types of losses recognized. — Damages shall be recoverable only for:

(1) Past and future loss of earnings and earning capacity.

(2) Pain and suffering in the following instances:

(i) death; or

(ii) only in cases of permanent loss of a bodily function, permanent disfigurement or permanent dismemberment where the medical and dental expenses referred to in paragraph (3) are in excess of $1,500.

42 Pa.C.S. § 8553. PVSD argues that precedential decisions in Pennsylvania bar the Riveras' claim, as Kimberly only suffered small scarring and has apparently not suffered any permanent loss in the functionality of her leg. It is undisputed here that Kimberly did not suffer a permanent loss of bodily function.

However, the question of whether Kimberly has suffered permanent disfigurement is a question of fact for the jury. *See Alexander v. Benson,* 812 A.2d 785(Pa. Cmwlth. 2002) (determination of whether or not child had suffered permanent disfigurement when struck by a vehicle owned and operated by school district was strictly

within purview of the jury). Kimberly has a visible scar on the leg she injured. While the jury did not find scarring to constitute permanent disfigurement in Alexander, they could do so here. The law is clear that such determinations are to be made by the jury. Therefore, PVSD's request for summary judgment as to the Riveras' claim for non-economic damages based on Kimberly's alleged permanent disfigurement is denied.

## ORDER

And now, this 23rd day of July, 2013, upon consideration of Pleasant Valley School District's motion for summary judgment, and the briefs and arguments of both parties, it is ordered as follows:

1. Pleasant Valley School District's motion for summary judgment is granted in part and denied in part.

2. Pleasant Valley School District's motion for summary judgment as to the issues of immunity and the permanent disfigurement of Kimberly Rivera are denied.

3. Pleasant Valley School District's motion for summary judgment as to the issue of permanent loss of bodily function suffered by Kimberly Rivera is granted.